FILED
JAN 1 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

AMY (BECHTEL) WILKES

Plaintiff,

vs.

CHISOX CORP. d/b/a CHICAGO WHITE SOX; CHICAGO WHITE SOX, LTD and CWS MAINTENANCE CO.

Defendants,
_____/

CASE NO.:
**JURY TRIAL REQUESTED**

07CV249
JUDGE LEINENWEBER
MAGISTRATE JUDGE BROWN

## COMPLAINT

Comes now the Plaintiff, AMY (BECHTEL) WILKES, by and through her undersigned counsel, and files this Complaint against the Defendants, CHISOX CORP. d/b/a CHICAGO WHITE SOX; CHICAGO WHITE SOX, LTD and CWS MAINTENANCE CO., and states as follows:

### Jurisdiction and Venue

1. This is an action for injunctive and monetary relief seeking in excess of $75,000, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 et seq., and Illinois Statute § 775 ILCS 5/1-102 et seq. (Illinois Human Rights Act)

2. This Court has jurisdiction of the claim herein pursuant to 28 USC 1331 and 1343 (4). This Court action arises under the constitution and the laws of the United States. Plaintiff is alleging, inter alia, a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 et seq., and Illinois Statute § 775 ILCS 5/1-102 et seq.

3. Venue herein is proper under 28 USC 1391 (b) and 42 USC 2000 (e) - 5 (f).

## PARTIES

4. Defendants are corporations duly licensed to do business in Illinois and actually doing business in Illinois; the alleged employment practices were committed within the State of Illinois, and the act of discrimination occurred on April 15, 2003 in Cook County, Illinois, within the Northern District; (Plaintiff was terminated in Cook County, Illinois)

5. Plaintiff, AMY (BECHTEL) WILKES, is a citizen of the United States, and at all times material, a resident of the State of Illinois.

6. Defendant's CHISOX CORP. D/B/A CHICAGO WHITE SOX; CHICAGOWHITE SOX, LTD and CWS MAINTENANCE CO. are corporations authorized to do business in the State of Illinois. At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and have had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, as required by Title VII and Illinois Statute.

### Procedural Requirements

7. Plaintiff re-alleges and restates paragraphs 1 - 6 above as if fully set forth herein.

8. All conditions precedent to the filing of this action have been fulfilled.

9. On or about October 9, 2003, Plaintiff filed charges of sex discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC 2000 e - 5 (b) and (e). Such charges were filed within three hundred days after the alleged unlawful employment practice occurred. (See copies of Charges of Discrimination, attached hereto and incorporated herein as Exhibits "A-1 and A-2.")

10. The Charges of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission were filed simultaneously with the Illinois Department of Human Rights. Accordingly, Plaintiff has satisfied the procedural requirements of Illinois Statute § 775 ILCS 5/1-102 et seq

11. On October 19, 2006, the EEOC issued to Plaintiffs a Notice of Right to Sue with respect to their charges of discrimination. (See copies of Notice of Right to Sue attached hereto and incorporated herein as Exhibits "B-1 and B-2.") This Complaint was filed within ninety (90) days of the receipt of the right to sue letter.

## FACTS

12. Plaintiff re-alleges and restates paragraphs 1 - 11 above as if fully set forth herein.

13. Plaintiff AMY (BECHTEL) WILKES is female, and was employed by the Chicago White Sox as a "ball girl", a position she held for 7 years prior to her termination on April 15, 2003.

14. Plaintiff AMY (BECHTEL) WILKES was terminated on April 15, 2003, due to what Senior Vice President and General Manager, Ken Williams described as a

security related concern that unruly fans were more likely to enter the field when a female "ball girl" was present.

15. Plaintiff, AMY (BECHTEL) WILKES was well qualified for her work, and performed in a competent and responsible manner.

16. During Plaintiffs' employment with the Chicago White Sox and CWS Maintenance, all "ball girls" were, in fact, female and were the only females permitted on the field of play during games.

17. During Plaintiffs' employment with the Chicago White Sox and CWS Maintenance, she was never disciplined or criticized regarding the performance of her job.

18. During Plaintiffs employment with the Chicago White Sox and CWS Maintenance, prior to her termination, she was never transferred to any other position, and no other position was ever offer.

19. Plaintiff questioned her supervisor, Senior Vice President and General Manager, Ken Williams, as to why her position was being eliminated and was advised that recent well-publicized incidents involving unruly fans entering the field was the reason for the termination.

20. Plaintiffs' job responsibility as a "ball girl" had nothing to do with security on the field or preventing fans from entering the field.

21. Plaintiff and all other ball girls were replaced by males.

## COUNT I

## VIOLATION OF TITLE VII AND ILLINOIS STATUTE § 775 5/1-102 ET SEQ DISPARATE TREATMENT BASED ON GENDER

22. Plaintiffs re-alleges and restates paragraphs 1-21 as if fully set forth herein.

23. At all times material, Plaintiff AMY (BECHTEL) WILKES was qualified to and did perform her job as "ball girl".

24. Although Plaintiff consistently performed well in her job, she and the other females in the position were terminated and replaced with males.

25. The position of ball girl is separate and distinct from that of security and requires that the attention of the ball girl be focused on the field of play while the attention of security is focused on the crowd.

26. Plaintiff AMY (BECHTEL) WILKES would not have suffered the unlawful discrimination described above but for her sex, female.

27. As a result of the above-described unlawful behavior, Plaintiff has suffered emotional distress, humiliation, damage to reputation, and monetary damages, and continues to suffer these damages.

**WHEREFORE**, Plaintiff, AMY (BECHTEL) WILKES prays that this Court will:

a. declare that the acts and practices complained of herein are in violation of Title VII and Illinois Statute § 775 ILCS 5/1-102;

b. enjoin Defendants from continuing or maintaining any policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their sex, which rights are secured by Title VII and Illinois Statute §775 ILCS 5/1-102;

 c. direct the Defendants to pay Plaintiff compensatory damages;

 d. direct the Defendants to pay Plaintiff's lost wages, back pay, front pay, and all other sums of money which may have been lost, together with set amounts for the injuries suffered as a result of Defendant's violation of Title VII and Illinois Statute § 775 ILCS 5/1-102;

 e. direct Defendant to pay punitive damages to the maximum extent allowable for a violation of Title VII and Illinois Statute § 775 ILCS 5/1-102;

 f. grant Plaintiffs her costs and a reasonable award of attorney's fees; and

 g. grant such other and further relief as this Court deems just.

## COUNT II

### WRONGFUL TERMINATION IN VIOLATION OF TITLE VII AND THE ILLINOIS HUMAN RIGHTS ACT

28. Plaintiffs re-allege and restate paragraphs 1-27 as if fully set forth herein.

29. During Plaintiff's term of employment with the Defendant's, at all times material, Plaintiff AMY (BECHTEL) WILKES was qualified to and did perform her job in a competent and responsible manner.

30. At the time of termination of Plaintiff's employment with the defendant, she was never offered the possibility of remaining in the position, despite the fact that she was qualified to perform additional security functions if that was what the position required.

31. Plaintiff was eventually replaced with male employees.

**WHEREFORE**, Plaintiff, AMY (BECHTEL) WILKES prays that this Court will:

a. declare that the acts and practices complained of herein are in violation of Title VII and Illinois Statute § 775 5/1-102;

b. enjoin Defendants from continuing or maintaining any policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their sex, which rights are secured by Title VII and Illinois Statute §775 5/1-102;

c. direct the Defendants to pay Plaintiff's compensatory damages;

d. direct the Defendants to pay Plaintiff's lost wages, back pay, front pay, and all other sums of money which may have been lost, together with set amounts for the injuries suffered as a result of Defendant's violation of Title VII and Illinois Statute § 775 5/1-102;

e. direct Defendants to pay punitive damages to the maximum extent allowable for a violation of Title VII and Illinois Statute § 773 5/1-102;

f. grant Plaintiff her costs and a reasonable award of attorney's fees, and

g. grant such other and further relief as this Court deems just.

## JURY DEMAND

32. Plaintiff AMY (BECHTEL) WILKES hereby demands a trial by jury on all issues contained in this Complaint.

Dated this 16th day of January, 2007.


_____
Thomas M. Enright, (Esq.)
PARRILLO, WEISS & O'HALLORAN
77 W. Wacker Dr.; 50th Floor
Chicago, IL 60601
(312) 701-1111
Fax: (312)553-1111
IL Bar #:3126077

Illinois Department of Human Rights _____ and EEOC
*State or local Agency, if any*

| | |
|---|---|
| NAME (*Indicate Mr. Ms. Mrs.*) AMY (BECHTEL) WILKES | HOME TELEPHONE (*Include Area Code*) (708) 670-6204 |
| STREET ADDRESS 16734 Lakewood Drive, CITY, STATE AND ZIP CODE Tinley Park, Illinois 60477 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*if more than one, list below*)

| NAME CHICAGO WHITE SOX: CHICAGO WHITE SOX, LTD.; CHISOX CORP. | NUMBER OF EMPLOYEES MEMBERS 15+ | TELEPHONE (*Include Area Code*) (312) 674-1000 |
|---|---|---|
| STREET ADDRESS 333 West 35th Street, | CITY, STATE AND ZIP CODE Chicago, Illinois 60618 | COUNTY Cook |
| NAME | | TELEPHONE (*Include Area Code*) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

CAUSE OF DISCRIMINATION BASED ON (*Check appropriate box (es)*)

[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST
                       04/15/
[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*)

I.  A.  ISSUE/BASIS   *false*

        DISCHARGE - APRIL 15, 2003, DUE TO MY GENDER, FEMALE  *false*

    B.  PRIMA FACIE ALLEGATIONS

        1. My gender is female. → *true* →

        2. My performance as a "ball girl" for the Chicago White Sox major league baseball franchise was within Respondent's legitimate expectations and had been performed for 7 years without any complaint or performance related issues.  *explain / true*

*false*  3. On April 15, 2003, I was discharged by Ken Williams Senior Vice President and General Manager/ The reason given by Williams for the discharge was a

CONTINUED ON BACK

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

"OFFICIAL SEAL"
Renee Becker
Notary Public, State of Illinois
My Commission Expires 3/17/04

NOTARY - (*when necessary for State and Local Requirements*)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT

X _[signature]_  10/9/03
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*Day, month, year*)

EEOC FORM 5 (5/98)

EXHIBIT A-1

RECEIVED
OCT 09 2003
INTAKE UNIT
DEPT. OF HUMAN RIGHTS
BY

      security related concern that an unruly fan was more likely to enter the field when a "ball girl" was present than if a male police officer was present. *false*

4. My performance of my job was unrelated to the well published incidents involving unruly fans who entered the field during games. *true* I and the other "ball girls" were replaced by males whose job responsibility is identical to mine. *true*

*false*

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. | [ ] FEPA<br>[X] EEOC<br>C4W1000-01 | 2004CF1058 |

**Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.)<br>AMY (BECHTEL) WILKES | HOME TELEPHONE (Include Area Code)<br>(708) 670-6204 |
|---|---|
| STREET ADDRESS CITY, STATE AND ZIP CODE<br>16734 Lakewood Drive, Tinley Park, Illinois 60477 | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one, list below)*

| NAME<br>CWS. MAINTENANCE COMPANY | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE (Include Area Code) |
|---|---|---|
| STREET ADDRESS CITY, STATE AND ZIP CODE<br>601 Skokie Boulevard, Northbrook, Illinois 60062 | | COUNTY<br>Cook |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es))*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[ ] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] OTHER

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)   04/15/03
[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional space is needed, attach extra sheet(s)*)

I.  A.  ISSUE/BASIS

DISCHARGE - APRIL 15, 2003, DUE TO MY GENDER, FEMALE

B.  PRIMA FACIE ALLEGATIONS

1. My gender is female.

2. My performance as a "ball girl" for the Chicago White Sox major league baseball franchise was within Respondent's legitimate expectations, and had been performed for 7 years without any complaint or performance related issues.

3. On April 15, 2003, I was discharged by Ken Williams Senior Vice President and General Manager. The reason given by Williams for the discharge was a

CONTINUED ON BACK

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone Number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

"OFFICIAL SEAL"
Renee Becker
Notary Public, State of Illinois
My Commission Expires 3/17/04
Notary Public Seal

NOTARY - (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT   DATE

X _____   10/09/03

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE

EEOC FORM 5 (5/98)

DEPT. OF HUMAN RIGHTS
INTAKE UNIT
RECEIVED OCT 09 2003
BY ___

EXHIBIT A-2

      security related concern that an unruly fan was more likely to enter the field when a "ball girl" was present than if a male police officer was present.

4. My performance of my job was unrelated to the well published incidents involving unruly fans who entered the field during games. I and the other "ball girls" were replaced by males whose job responsibility is identical to mine.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Amy (Bechtel) Wilkes<br>c/o Mr. Thomas M. Enright, Esq.<br>Attorney at Law<br>77 West Wacker Drive, 50th Floor<br>Chicago, IL 60601 | From: | EEOC<br>Chicago District Office<br>500 West Madison Street, Suite 2800<br>Chicago, Illinois 60661-2511 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21BA400189 | Nola Smith, State and Local | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

OCT 14 2005

John P. Rowe, District Director

Enclosure(s)                                              (Date Mailed)

cc:   **Chicago White Sox, Ltd.**

EXHIBIT B-1

EEOC Form 161 (3/98) | Case 1:07-cv-00249 U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Document 16-2 Filed 10/22/2003 Page 14 of 14

## DISMISSAL AND NOTICE OF RIGHTS

To: **Ms. Amy (Bechtel) Wilkes**
c/o Mr. Thomas M. Enright, Esq.
Attorney at Law
77 West Wacker Drive, 50th Floor
Chicago, IL 60601

From: **EEOC**
**Chicago District Office**
500 West Madison Street, Suite 2800
Chicago, Illinois 60661-2511

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21BA400164 | Nola Smith, State and Local | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**John P. Rowe, District Director**

(Date Mailed)

Enclosure(s)

cc: **CWS Maintenance Company**

EXHIBIT B-2