**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| AMY (BECHTEL) WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07C 0249 |
| | ) Judge Leinenweber |
| CHISOX CORP, d/b/a CHICAGO | ) Magistrate Judge Geraldine Soat |
| WHITE SOX; CHICAGO WHITE | ) Brown |
| SOX, LTD. and CWS MAINTENANCE CO., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

Defendants, Chisox Corp. d/b/a Chicago White Sox; Chicago White Sox, Ltd. and CWS Maintenance Co., by and through their attorneys, pursuant to Federal Rule of Civil Procedure 12(b)(1), herein move to dismiss Plaintiff's claims contained in the Complaint which are based on the Illinois Human Rights Act because this Court lacks jurisdiction over the subject matter of these claims. In support of this Motion, Defendants state as follows:

1.     The Plaintiff is a former ball person employed by CWS Maintenance Co. where her duties were performed at U.S. Cellular Field.

2.     The Plaintiff alleges that she was terminated as a result of gender discrimination. Plaintiff has filed claims under Title VII as well as under the Illinois Human Rights Act, 775 ILCS 5/1-102 et seq. (Count One and Two of the Complaint)

3.     With respect to claims of civil rights violations under the Illinois Human Rights Act, at a minimum, a plaintiff is prohibited from seeking judicial review until the Plaintiff has exhausted his/her administrative remedies under the Illinois Human Rights Act. <u>Jablonski v.</u>

Dockets.Justia.com

Chas. Levy Circulating Company, 888 F.Supp. 84 (N.D. Ill. 1995); Peters v. Fanstel, Inc., 736 F.Supp. 198 (N.D. Ill. 1990).

4.    In addition to this exhaustion of remedies prerequisite, the involvement of any Court is limited to judicial review of post-commission actions and the enforcement of orders by the Commission in Illinois Courts.  775 ILCS 5/8-111(A), (B).  In Huff v. Uarco, Inc., 925 F.Supp. 550, (N.D. Ill. 1996), the Court not only dismissed the employee's age discrimination claim under the Illinois Human Rights Act but also expressly noted, that given the limited jurisdiction referenced in the Illinois statute, there is a question whether a claim under the Illinois Human Rights Act could even be brought in Federal District Court even if administrative remedies had been fully exhausted.  Id. at 560, n. 18.

5.    Plaintiff has not alleged that she has pursued any claims before the Illinois Human Rights Commission.

6.    Under the Illinois Human Rights Act, federal courts have no jurisdiction to hear the actions for alleged human rights violation.  Flaherty v. Gas Research Institute, 31 F.3d 451, 459 (7th Cir. 1994).  Judicial review is available only after the Illinois Human Rights Commission has issued a final order on a complaint.  Talley v. Washington Inventory Service, 37 F.3d 310 (7th Cir. 1994).  In addition to Plaintiff having failed to exhaust the administrative remedies under the Illinois Human Rights Act, because the only judicial review available under the Human Rights Act is in the Illinois Appellate Court, 775 ILCS 5/8-101(A), and to enforce enough commission orders in the Illinois Circuit Courts, Id. 5/8-111(B), all other state court jurisdiction is negated.  See also, Huff v. Uarco, 925 F.Supp. 550, 560 (N.D. Ill. 1996) (district court held that even if a plaintiff exhausted her administrative remedies, plaintiff "could claim no

ticket of entry to a federal court . . ."); <u>Woolner v. Flair Communications, Inc.</u>, Case No. 01 C

6043 (N.D. Ill. August 15, 2002, slip. op.) attached as Exhibit A.

       7.    Because Plaintiff did not seek relief before the Illinois Human Rights

Commission, she failed to exhaust her administrative remedies under the Illinois Human Rights

Act and there is no jurisdiction before this Court with respect to any claim under that Act.

       WHEREFORE, Plaintiff's claims contain in Count One and Two based on the Illinois

Human Rights Act must be dismissed as this Court lacks jurisdiction over those claims.

Dated:  March 30, 2007

                                          CHISOX CORP. d/b/a CHICAGO WHITE
                                          SOX; CHICAGO WHITE SOX, LTD and
                                          CWS MAINTENANCE CO.

                                          By: ___/s/James J. Convery_____
                                                  One of Their Attorneys

James J. Convery
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## **CERTIFICATE OF SERVICE**

I, James J. Convery, an attorney, hereby certify that on March 30, 2007, I caused to be served a copy of the foregoing **Defendants' Motion to Dismiss**, in the above-captioned matter to be filed with the Clerk of the District Court by operation of the Court's CM/ECF electronic filing system and served on the party of record listed below, via regular U.S. mail, proper postage prepaid, addressed to:

> Thomas M. Enright
> Parrillo, Weiss & O'Halloran
> 77 West Wacker Drive
> 50th Floor
> Chicago, IL  60601
> (312) 701-1111

/s/James J. Convery
James J. Convery