UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

AMY (BECHTEL) WILKES

        Plaintiff,

vs.

CHICAGO WHITE SOX, LTD.
and CWS MAINTENANCE CO.

        Defendants,
_____/

CASE NO.: 07 C 249

**JURY TRIAL REQUESTED**

### AMENDED COMPLAINT

Comes now the Plaintiff, AMY (BECHTEL) WILKES, by and through her undersigned counsel, and files this Complaint against the Defendants, CHICAGO WHITE SOX, LTD and CWS MAINTENANCE CO., and states as follows:

### Jurisdiction and Venue

1. This is an action for injunctive and monetary relief seeking in excess of $75,000, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 et seq;

2. This Court has jurisdiction of the claim herein pursuant to 28 USC 1331 and 1343 (4). This Court action arises under the constitution and the laws of the United States. Plaintiff is alleging, inter alia, a violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 et seq.;

3. Venue herein is proper under 28 USC 1391 (b) and 42 USC 2000 (e) - 5 (f).

## **PARTIES**

4. Defendants are corporations duly licensed to do business in Illinois and actually doing business in Illinois; the alleged employment practices were committed within the State of Illinois, and the act of discrimination occurred on April 15, 2003 in Cook County, Illinois, within the Northern District; (Plaintiff was terminated in Cook County, Illinois)

5. Plaintiff, AMY (BECHTEL) WILKES, is a citizen of the United States, and at all times material, a resident of the State of Illinois.

6. Defendant's CHICAGO WHITE SOX, LTD and CWS MAINTENANCE CO. are corporations authorized to do business in the State of Illinois. At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and have had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, as required by Title VII;

### **Procedural Requirements**

7. Plaintiff re-alleges and restates paragraphs 1 - 6 above as if fully set forth herein.

8. All conditions precedent to the filing of this action have been fulfilled.

9. On or about October 9, 2003, Plaintiff filed charges of sex discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42

USC 2000 e - 5 (b) and (e). Such charges were filed within three hundred days after the alleged unlawful employment practice occurred. (See copies of Charges of Discrimination, attached hereto and incorporated herein as Exhibits "A-1 and A-2.")

10. The Charges of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission were filed simultaneously with the Illinois Department of Human Rights.

11. On October 19, 2006, the EEOC issued to Plaintiffs a Notice of Right to Sue with respect to their charges of discrimination. (See copies of Notice of Right to Sue attached hereto and incorporated herein as Exhibits "B-1 and B-2.") This Complaint was filed within ninety (90) days of the receipt of the right to sue letter.

## FACTS

12. Plaintiff re-alleges and restates paragraphs 1 - 11 above as if fully set forth herein.

13. Plaintiff AMY (BECHTEL) WILKES is female, and was employed by the Chicago White Sox as a "ball girl", a position she held for 7 years prior to her termination on April 15, 2003.

14. Plaintiff AMY (BECHTEL) WILKES was terminated on April 15, 2003, due to what Senior Vice President and General Manager, Ken Williams described as a security related concern that unruly fans were more likely to enter the field when a female "ball girl" was present.

15. Plaintiff, AMY (BECHTEL) WILKES was well qualified for her work, and performed in a competent and responsible manner.

16. During Plaintiffs' employment with the Chicago White Sox and CWS Maintenance, all "ball girls" were, in fact, female and were the only females permitted on the field of play during games.

17. During Plaintiffs' employment with the Chicago White Sox and CWS Maintenance, she was never disciplined or criticized regarding the performance of her job.

18. During Plaintiffs employment with the Chicago White Sox and CWS Maintenance, prior to her termination, she was never transferred to any other position, and no other similar position was ever offered to her.

19. Plaintiff questioned her supervisor, Senior Vice President and General Manager, Ken Williams, as to why her position was being eliminated and was advised that recent well-publicized incidents involving unruly fans entering the field was the reason for the termination.

20. Plaintiffs' job responsibility as a "ball girl" had nothing to do with security on the field or preventing fans from entering the field.

21. Plaintiff and all other ball girls were replaced by males.

### COUNT I

### VIOLATION OF TITLE VII
### DISPARATE TREATMENT BASED ON GENDER

22.  Plaintiffs re-alleges and restates paragraphs 1-21 as if fully set forth herein.

23. At all times material, Plaintiff AMY (BECHTEL) WILKES was qualified to and did perform her job as "ball girl".

24. Although Plaintiff consistently performed well in her job, she and the other females in the position were terminated and replaced with males.

25. The position of ball girl is separate and distinct from that of security and requires that the attention of the ball girl be focused on the field of play while the attention of security is focused on the crowd.

26. Plaintiff AMY (BECHTEL) WILKES would not have suffered the unlawful discrimination described above but for her sex, female.

27. As a result of the above-described unlawful behavior, Plaintiff has suffered emotional distress, humiliation, damage to reputation, and monetary damages, and continues to suffer these damages.

**WHEREFORE**, Plaintiff, AMY (BECHTEL) WILKES prays that this Court will:

    a. declare that the acts and practices complained of herein are in violation of Title VII;

    b. enjoin Defendants from continuing or maintaining any policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their sex, which rights are secured by Title VII;

    c. direct the Defendants to pay Plaintiff compensatory damages;

    d. direct the Defendants to pay Plaintiff's lost wages, back pay, front pay, and all other sums of money which may have been lost, together with set amounts for the injuries suffered as a result of Defendant's violation of Title VII;

    e.    direct Defendant to pay punitive damages to the maximum extent allowable for a violation of Title VII ;

    f.    grant Plaintiffs her costs and a reasonable award of attorney's fees; and

    g.    grant such other and further relief as this Court deems just.

## COUNT II

## WRONGFUL TERMINATION IN VIOLATION OF TITLE VII

28. Plaintiffs re-allege and restate paragraphs 1-27 as if fully set forth herein.

29. During Plaintiff's term of employment with the Defendant's, at all times material, Plaintiff AMY (BECHTEL) WILKES was qualified to and did perform her job in a competent and responsible manner.

30. At the time of termination of Plaintiff's employment with the defendant, she was never offered the possibility of remaining in the position, despite the fact that she was qualified to perform additional security functions if that was what the position required.

31. Plaintiff was eventually replaced with male employees.

**WHEREFORE**, Plaintiff, AMY (BECHTEL) WILKES prays that this Court will:

    a.    declare that the acts and practices complained of herein are in violation of Title VII ;

    b.    enjoin Defendants from continuing or maintaining any policy, practice, or custom of denying, abridging, withholding, or conditioning the rights of employees on the basis of their sex, which rights are secured by Title VII ;

    c.    direct the Defendants to pay Plaintiff's compensatory damages;

    d.    direct the Defendants to pay Plaintiff's lost wages, back pay, front pay, and all other sums of money which may have been lost, together with set amounts for the injuries suffered as a result of Defendant's violation of Title VII ;

    e.    direct Defendants to pay punitive damages to the maximum extent allowable for a violation of Title VII;

    f.    grant Plaintiff her costs and a reasonable award of attorney's fees, and

    g.    grant such other and further relief as this Court deems just.

## JURY DEMAND

32. Plaintiff AMY (BECHTEL) WILKES hereby demands a trial by jury on all issues contained in this Complaint.

Dated this 24th day of May, 2007

_Thomas E. [signature]_

Thomas M. Enright, Esq.
PARRILLO, WEISS & O'HALLORAN
77 W. Wacker Dr.; 50th Floor
Chicago, IL 60601
(312) 701-1111
Fax: (312)553-1111
IL Bar #:3126077

## CERTIFICATE OF SERVICE

I, Thomas M. Enright, an attorney, hereby certify that on May 25, 2007, I caused to be served a copy of the foregoing Amended Complaint, in the captioned matter for filing with the Clerk of the District Court by operation of the Court's CM/ECF electronic filing system and also served on the party of record listed below, via regular Unite States mail, proper postage prepaid and addressed to:

>James J. Convery
>Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd.
>515 North State Street, Suite 2800
>Chicago, IL 60610

/s/ Thomas M. Enright

Thomas M. Enright