## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| AMY (BECHTEL) WILKES, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. 07C 0249** |
| | )   **Judge Leinenweber** |
| **CHICAGO WHITE SOX, LTD.** | )   **Magistrate Judge Geraldine Soat** |
| **and CWS MAINTENANCE CO.,** | )   **Brown** |
| | ) |
| **Defendants.** | ) |

### ANSWER TO AMENDED COMPLAINT

Defendants, Chicago White Sox, Ltd. and CWS Maintenance Co., by and through their

attorneys, herein state the following in response to Plaintiff's Amended Complaint:

### Jurisdiction and Venue

### PARAGRAPH NO. 1:

This is an action for injunctive and monetary relief seeking in excess of $75,000,
pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 et seq.

### ANSWER:

Defendants admit the allegations contained in Paragraph No. 1 except deny there is any

cause of action whatsoever against Chicago White Sox, Ltd., as it was never the employer of the

Plaintiff.

### PARAGRAPH NO. 2:

This Court has jurisdiction of the claim herein pursuant to 28 USC [sic] 1331 and 1343
(4). This Court action arises under the constitution and the laws of the United States. Plaintiff is
alleging, inter alia, a violation of her rights under Title VII of the Civil Rights Act of 1964, as
amended, 42 USC [sic] 2000 et seq.;

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 2 with respect to Defendant

CWS Maintenance Co.  Defendants deny the remaining allegations contained in Paragraph No. 2

**PARAGRAPH NO. 3:**

Venue herein is proper under 28 USC [sic] 1391 (b) and 42 USC [sic] 2000 (e) - 5 (f).

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 3 with respect to Defendant

CWS Maintenance Co.   Defendants deny the remaining allegations contained in Paragraph

No. 3.

**PARTIES**

**PARAGRAPH NO. 4:**

Defendants are corporations duly licensed to do business in Illinois and actually doing business in Illinois; the alleged employment practices were committed within the State of Illinois, and the act of discrimination occurred on April 15, 2003 in Cook County, Illinois, within the Northern District; (Plaintiff was terminated in Cook County, Illinois)

**ANSWER:**

Defendants admit that CWS Maintenance Co. is a corporation duly licensed to do

business in Illinois and does engage in business in Illinois.  Defendants further admit that the

employment practices alleged in the Amended Complaint were purportedly committed within

Cook County, Illinois and within the Northern District of Illinois.   Defendants deny the

remaining allegations contained in Paragraph No. 4.  Defendants affirmatively state that Chicago

White Sox, Ltd. is a limited partnership.

**PARAGRAPH NO. 5:**

Plaintiff, AMY (BECHTEL) WILKES, is a citizen of the United States, and at all times material, a resident of the State of Illinois.

**ANSWER:**

On information and belief, Defendants admit the allegations contained in Paragraph

No. 5.

**PARAGRAPH NO. 6:**

Defendant's CHICAGO WHITE SOX, LTD and CWS MAINTENANCE CO. are corporations authorized to do business in the State of Illinois.  At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and have had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, as required by Title VII;

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 6 except deny that Chicago

White Sox, Ltd. is a corporation that employed 15 or more employees for each working day in

each of 20 or more calendar weeks in the current or preceding calendar year.

**Procedural Requirements**

**PARAGRAPH NO. 7:**

Plaintiff re-alleges and restates paragraphs 1 - 6 above as if fully set forth herein.

**ANSWER:**

Defendants restate and incorporate by reference herein as their answer to Paragraph No. 7

their answers to Paragraph Nos. 1-6.

**PARAGRAPH NO. 8:**

All conditions precedent to the filing of this action have been fulfilled.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 8.

**PARAGRAPH NO. 9:**

On or about October 9, 2003, Plaintiff filed charges of sex discrimination with the Equal Employment Opportunity Commission satisfying the requirements of 42 USC 2000 e - 5 (b) and (e).  Such charges were filed within three hundred days after the alleged unlawful employment

practice occurred.  (See copies of Charges of Discrimination, attached hereto and incorporated herein as Exhibits "A-1 and A-2.")

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 9 except deny those allegations with respect to any referenced exhibits which are not attached to the Amended Complaint.

**PARAGRAPH NO. 10:**

The Charges of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission were filed simultaneously with the Illinois Department of Human Rights.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 10.

**PARAGRAPH NO. 11:**

On October 19, 2006, the EEOC issued to Plaintiffs a Notice of Right to Sue with respect to their charges of discrimination.  (See copies of Notice of Right to Sue attached hereto and incorporated herein as Exhibits "B-1 and B-2.")  This Complaint was filed within ninety (90) days of the receipt of the right to sue letter.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 11 except deny those allegations with respect to any referenced exhibits which are not attached to the Amended Complaint.

**FACTS**

**PARAGRAPH NO. 12:**

Plaintiff re-alleges and restates paragraphs 1 - 11 above as if fully set forth herein.

**ANSWER:**

Defendants restate and incorporate by reference herein as their answer to Paragraph No. 12 their answers to Paragraph Nos. 1-11.

**PARAGRAPH NO. 13:**

Plaintiff AMY (BECHTEL) WILKES is female, and was employed by the Chicago White Sox as a "ball girl", a position she held for 7 years prior to her termination on April 15, 2003.

**ANSWER:**

Defendants admit that the Plaintiff is female and was employed by CWS Maintenance as a ball person prior to April 15, 2003. Defendants further admit that Plaintiff had performed ball person duties at various times for an approximate seven year period prior to April 15, 2003. Defendants deny the remaining allegations contained in Paragraph No. 13.

**PARAGRAPH NO. 14:**

Plaintiff AMY (BECHTEL) WILKES was terminated on April 15, 2003, due to what Senior Vice President and General Manager, Ken Williams described as a security related concern that unruly fans were more likely to enter the filed when a female "ball girl" was present.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 14.

**PARAGRAPH NO. 15:**

Plaintiff, AMY (BECHTEL) WILKES was well qualified for her work, and performed in a competent and responsible manner.

**ANSWER:**

Defendants admit the allegations contained in Paragraph No. 15, except Defendants lack sufficient knowledge or information to form a belief as to whether Plaintiff was "well" qualified for her work. Defendants affirmatively state that the elimination of Plaintiff's position was not based on her performance.

**PARAGRAPH NO. 16:**

During Plaintiffs' [sic] employment with the Chicago White Sox and CWS Maintenance, all "ball girls" were, in fact, female and were the only females permitted on the field of play during games.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 16.

**PARAGRAPH NO. 17:**

During Plaintiffs' [sic] employment with the Chicago White Sox and CWS Maintenance, she was never disciplined or criticized regarding the performance of her job.

**ANSWER:**

Defendants lack sufficient knowledge or information to form a belief as to the truth of the

allegations contained in Paragraph No. 17.

**PARAGRAPH NO. 18:**

During Plaintiffs [sic] employment with the Chicago White Sox and CWS Maintenance, prior to her termination, she was never transferred to any other position, and no other position was ever offered to her.

**ANSWER:**

Defendants admit that Plaintiff was employed by CWS Maintenance Co. Defendants

further admit that Plaintiff was not transferred to any other position. Defendants deny the

remaining allegations contained in Paragraph No. 18. Defendants affirmatively state that

Plaintiff was offered the opportunity to obtain a different day-of-game job.

**PARAGRAPH NO. 19:**

Plaintiff questioned her supervisor, Senior Vice President and General Manager, Ken Williams, as to why her position was being eliminated and was advised that recent well-publicized incidents involving unruly fans entering the field was the reason for the termination.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 19.

**PARAGRAPH NO. 20:**

Plaintiffs' [sic] job responsibility as a "ball girl" had nothing to do with security on the field or preventing fans from entering the field.

**ANSWER:**

Defendants admit that the Plaintiff's job responsibility as a ball person did not involve security on the field or preventing fans from entering the field. Defendants deny the remaining allegations contained in Paragraph No. 20. Defendants affirmatively state that the ball person position was eliminated and replaced with sworn police officers who performed security duties for each home game. Plaintiff was not a sworn police officer.

**PARAGRAPH NO. 21:**

Plaintiff and all other ball girls were replaced by males.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 21. Defendants affirmatively state that the ball person positions were eliminated.

**COUNT I**
**VIOLATION OF TITLE VII**
**DISPARATE TREATMENT BASED ON GENDER**

**PARAGRAPH NO. 22:**

Plaintiffs [sic] re-alleges and restates paragraphs 1-21 as if fully set forth herein.

**ANSWER:**

Defendants restate and incorporate by reference herein as their answer to Paragraph No. 22 their answers to Paragraph Nos. 1-21.

**PARAGRAPH NO. 23:**

At all times material, Plaintiff AMY (BECHTEL) WILKES was qualified to and did perform her job as "ball girl".

**ANSWER:**

Defendants admit that Plaintiff was qualified to and did perform her job as a ball person. Defendants deny the remaining allegations contained in Paragraph No. 23.

**PARAGRAPH NO. 24:**

Although Plaintiff consistently performed well in her job, she and the other females in the position were terminated and replaced with males.

**ANSWER:**

Defendants admit that Plaintiff performed well in her job. Defendants deny the remaining allegations contained in Paragraph No. 24. Defendants affirmatively state that Plaintiff's position and those of other ball persons were eliminated.

**PARAGRAPH NO. 25:**

The position of ball girl is separate and distinct from that of security and requires that the attention of the ball girl be focused on the field of play while the attention of security is focused on the crowd.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 25. Defendants affirmatively state that the position of ball person is separate and distinct from that of security and did require the ball person to focus on the field of play. Defendants further state that the duties of sworn police personnel include focusing on the crowd.

**PARAGRAPH NO. 26:**

Plaintiff AMY (BECHTEL) WILKES would not have suffered the unlawful discrimination described above but for her sex, female.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 26.

**PARAGRAPH NO. 27:**

As a result of the above-described unlawful behavior, Plaintiff has suffered emotional distress, humiliation, damage to reputation, and monetary damages, and continues to suffer these damages.

**ANSWER:**

Defendants deny the allegations contained in Paragraph No. 27.

## COUNT II

## WRONGFUL TERMINATION IN VIOLATION OF
## TITLE VII

### PARAGRAPH NO. 28:

Plaintiffs [sic] re-allege and restate paragraphs 1-27 as if fully set forth herein.

### ANSWER:

Defendants restate and incorporate by reference herein as their answer to Paragraph

No. 28 their answers to Paragraph Nos. 1-27.

### PARAGRAPH NO. 29:

During Plaintiff's term of employment with the Defendant's [sic], at all times material, Plaintiff AMY (BECHTEL) WILKES was qualified to and did perform her job in a competent and responsible manner.

### ANSWER:

Defendants admit the allegations contained in Paragraph No. 29.

### PARAGRAPH NO. 30:

At the time of termination of Plaintiff's employment with the defendant, she was never offered the possibility of remaining in the position, despite the fact that she was qualified to perform additional security functions if that was what the position required.

### ANSWER:

Defendants deny the allegations contained in Paragraph No. 30.    Defendants

affirmatively state that Plaintiff did not have the qualifications as a sworn police officer.

### PARAGRAPH NO. 31:

Plaintiff was eventually replaced with male employees.

### ANSWER:

Defendants deny the allegations contained in Paragraph No. 31.

## JURY DEMAND

### PARAGRAPH NO. 32:

Plaintiff AMY (BECHTEL) WILKES hereby demands a trial by jury on all issues contained in this Complaint.

### ANSWER:

Defendants admit the allegations contained in Paragraph No. 32 but deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     Plaintiff is obligated to mitigate her alleged damages with respect to claims for monetary relief.  Those claims should be barred, or, in the alternative, reduced if Plaintiff has failed to mitigate her damages.

2.     With respect to Plaintiff's claims for monetary relief, Defendants are entitled to a set off from any liability for sums earned by Plaintiff since her termination.

3.     Plaintiff is entitled to no relief from Chicago White Sox, Ltd. as it was not the employer of the Plaintiff.

WHEREFORE, for the above stated reasons, Defendants deny that Plaintiff is entitled to any relief whatsoever and request that judgment be entered in their favor against the Plaintiff and request an order for such other relief as the Court deems just.

Dated:  June 19, 2007                              CHICAGO WHITE SOX, LTD and CWS
                                                   MAINTENANCE CO.

                                                   By:  ___/s/James J. Convery_____
                                                          One of Their Attorneys

James J. Convery
Laner, Muchin, Dombrow, Becker,
  Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I, James J. Convery, an attorney, hereby certify that on June 19, 2007, I caused to be served a copy of the foregoing **Answer to Amended Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court by operation of the Court's CM/ECF electronic filing system and served on the party of record listed below, via regular U.S. mail, proper postage prepaid, addressed to:

> Thomas M. Enright
> Parrillo, Weiss & O'Halloran
> 77 West Wacker Drive
> 50th Floor
> Chicago, IL  60601
> (312) 701-1111

> /s/James J. Convery
> James J. Convery